UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| DAVIOUS M. BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV423-150 |
| | ) | CV523-052 |
| STATE OF GEORGIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* prisoner Davious M. Boyd, who is incarcerated at Ware State Prison in Waycross, Georgia, has filed this 42 U.S.C. § 1983 Complaint alleging, ambiguously, that he was subjected to unconstitutional conditions at Riverbend Correctional Facility in Milledgeville, Georgia. *See* doc. 1.  He neither paid the required filing fee nor moved to proceed *in forma pauperis*.  *See* doc. 2.  It is clear, however, that this Court is not the proper venue for his claims.  The Complaint's allegations are not sufficiently detailed to make a definitive determination on the proper venue, but, since *none* of the alleged misconduct occurred in the Savannah Division, the Court will transfer the case to a division with some connection.

1

Boyd's allegations are, charitably, terse. He states that "[a]ll of [his] Amendments / US Constitutional / and [his] safety was violated especially on 12-8-2022." Doc. 1 at 4. He also alleges that "[t]hey," he does not specify who, "bring drugs into Riverbend then tried to get [him] to tell them which employees was doing that also." *Id.* Finally, he alleges, in wholly conclusory fashion, "staff negligence, racial discrimination . . . ." *Id.* He also characterizes "this 1983 civil rights lawsuit [as] against W.S.P.[,] Riverbend [illegible], Hancock SP[,] also Macon SP[,] and at last Jackson's GDCP located @ Butts County[,] Jackson GA to be exact . . . ." *Id.*

Given the breadth and vagueness of Boyd's allegations, it appears that he asserts claims predominantly arising in the Middle District of Georgia. Milledgeville, which lies in Baldwin County, Hancock State Prison, Macon State Prison, and Butts County, all lie in the Middle District. *See* 28 U.S.C. § 90(b)(2). Ware State Prison, to which the Court assumes "W.S.P." refers, lies in the Waycross Division of this District. *See* 28 U.S.C. § 90(c)(4).

The Court's Local Rules require that cases involving defendants residing in multiple divisions "be brought in the division in which a

2

substantial part of the events or omissions giving rise to the claim occurred." S.D. Ga. L. Civ. R. 2.1(b). Given that the only implicated institution within this District lies in the Waycross Division, and the others are located outside of this District, that division seems the most appropriate. Accordingly, the Clerk is **DIRECTED** to **TRANSFER** this case to the Waycross Division for all further proceedings.

    **SO ORDERED,** this 12th day of June, 2023.

                                                /s/ Christopher L. Ray
                                                CHRISTOPHER L. RAY
                                                UNITED STATES MAGISTRATE JUDGE
                                                SOUTHERN DISTRICT OF GEORGIA